IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE: MAY 27, 2011 ORDER ) | |
| ) | |
| *Res O*ne, ) | |
| ) | |
| Defendant, ) | |
| ) | No. 2:20-cv-02153-TLP-tmp |
| and ) | |
| ) | |
| IN RE: MAY 22, 2012 JUDGMENT, ) | |
| ) | |
| *Res* Two, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

This action is unusual.  For starters, Claimant Judy Wright ("Claimant")[1] names as Defendants a state court order and a state court judgment, not an individual or an entity.  This dispute wound its way through the Tennessee courts many times since 2008.  Courts dismissed the action every time as baseless, and Claimant's counsel has been sanctioned by the Tennessee Board of Professional Responsibility and the Tennessee Supreme Court over it.  So the main reason this case is unusual is because it has no business in this Court.

---

[1] Even naming Wright as a "Claimant" is odd.  The pleadings assert that that there is no plaintiff and that there is "no human person" who is a party to this action, because this is an in rem independent action.  (ECF No. 4 at PageID 166.)  Even so, the pleadings assert Wright is a Claimant because she has interest in the outcome here.  (*Id.*)

The dispute arises from the administration of a trust with a long and storied past.[2] The Court will provide a brief history, which likely will fall short of fully explaining the colorful past of the *Goza* cases.

Helen B. Goza created a living trust in 1991 for the purpose of supporting her disabled son for the remainder of his life. *Morrow v. SunTrust Bank*, No. W2010-01547-COA-R3CV, 2011 WL 334507, at *1 (Tenn. Ct. App. Jan. 31, 2011). After some revisions to the trust, Ms. Goza also provided that, after her son's death, the trust balance would be distributed to a perpetual trust for the benefit of organizations helping people with mental disabilities. *Id.* at *1–2.

In 2008, after Ms. Goza and her son had both died, Ms. Goza's nephew and niece, David Morrow ("Morrow")[3] and Judy Wright ("Wright") became the heirs to Goza's estate. *Id.* They, then, sought a declaratory judgment in Tennessee state court that would also name them the heirs to the trust residue. *Id.* at *2. But the Attorney General intervened and moved for summary judgment explaining that Ms. Goza's last trust document directed how the trust assets were to be distributed after the beneficiaries died and there was no trust residue that would revert to Goza's estate. *Id.* And the trial court agreed, granting the Attorney General's summary judgment motion. *Id.* at *4.

---

[2] To provide a sampling of the sheer number of related cases see *Bd. of Prof'l Responsibility v. Parrish*, 556 S.W.3d 153 (Tenn. 2018); *Goza v. SunTrust Bank*, No. W201400635COAR3CV, 2015 WL 4481267 (Tenn. Ct. App. July 22, 2015); *In re Estate of Goza*, No. W201302240COAR3CV, 2014 WL 7246509 (Tenn. Ct. App. Dec. 19, 2014); *In re Estate of Goza*, No. W201300678COAR3CV, 2014 WL 7235166 (Tenn. Ct. App. Dec. 19, 2014); *Estate of Goza v. Wells*, No. W2012-01745-COA-R3CV, 2013 WL 4766544 (Tenn. Ct. App. Sept. 4, 2013); *In re Estate of Goza*, 397 S.W.3d 564 (Tenn. Ct. App. 2012); *Morrow v. SunTrust Bank*, No. W2010-01547-COA-R3CV, 2011 WL 334507 (Tenn. Ct. App. Jan. 31, 2011).

[3] Wright eventually became the administrator of Ms. Goza's Estate. *Goza v. SunTrust Bank*, 2015 WL 4481267, at *1.

The story might have ended there. But alas, Morrow and Wright tried many more avenues to get the trust residue. By 2015, the Tennessee Court of Appeals had heard seven appeals involving the disposition of the Goza trust assets. *Goza v. SunTrust Bank*, No. W201400635COAR3CV, 2015 WL 4481267, at *1 (Tenn. Ct. App. July 22, 2015). The Tennessee Court of Appeals repeatedly ruled that res judicata from the first ruling barred the later actions and even censured the claimants calling the repeated litigation "frivolous" and awarding attorney's fees and costs to SunTrust Bank, which administered the trust. *In re Estate of Goza*, No. W201302240COAR3CV, 2014 WL 7246509, at *8 (Tenn. Ct. App. Dec. 19, 2014) (explaining that "even in spite of a previous opinion of this Court finding an identical challenge by the Estate to be frivolous, the Estate has once again attempted to challenge the existence of the Perpetual Trust, thereby causing needless waste of judicial resources and further depleting funds held in the Perpetual Trust for the benefit of organizations serving the mentally disabled.").

Probate Judge Gomes even stated that the court there had never seen "such (an) egregious abuse of the system." *Id.* (internal quotation marks omitted).

Throughout this litigation, Attorney Larry E. Parrish represented Morrow, Wright, and the Estate. Once he even sought to become the administrator of the Estate, apparently believing that res judicata would no longer bar the claim if the Estate had a new administrator. *Goza v. SunTrust Bank*, 2015 WL 4481267, at *3. In 2018, the Tennessee Board of Professional Responsibility suspended Attorney Parrish for misconduct in the *Goza* cases. *Bd. of Prof'l Responsibility v. Parrish*, 556 S.W.3d 153, 156 (Tenn. 2018). In short, Attorney Parrish filed motions to recuse three of the judges that had issued unfavorable rulings. *Id.* In those motions, the Board and the Tennessee Supreme Court found that Parrish made "in-court statements impugning the integrity of the judges…" and "deliberately chose to use language and tactics

3

which cannot be tolerated in the legal profession." *Id.* at 169.  Parrish received a six-month suspension for his conduct.  *Id.* at 170.

Undaunted, Attorney Parrish and Claimant Wright now seek relief in federal court by suing two state court decisions and moving for judgment on the pleadings.  (ECF Nos. 1 & 6.)  From what the Court can discern, the claimant requests this Court to set aside two Tennessee state court decisions in the *Goza* cases—(1) a 2011 order from the Shelby County, Tennessee Probate Court where Judge Robert S. Benham ruled the petition was barred by res judicata and (2) a 2012 order from the Tennessee Court of Appeals affirming and entering judgment.  (ECF No. 4 at PageID 167–68.)

Claimant's argument seems to be that Judge Benham, the trial judge who issued the 2011 order, was biased.  (*Id.* at PageID 204–19.)  The complaint here includes excerpts from a motion requesting that Judge Benham recuse himself in the original state court action.  (*Id.*)  Judge Benham denied that recusal motion.  (*Id.*)

Claimant here seems to argue that Judge Benham's alleged bias and his refusal to recuse himself violated the claimant's due process rights under the Fourteenth Amendment.  (*Id.* at PageID 168.)  What is more, in Claimant's Motion for Judgment on the Pleadings, she argues that this due process violation deprived her of personal property (presumably, a portion of the trust). (ECF No. 6 at PageID 251.)   For that reason, Claimant requests this Court to render the state court decisions void.  (ECF No. 4 at PageID 221–22.)

To grant the requested relief, this Court would have to review whether Judge Benham wrongly decided the motion for recusal and would have to upset both a Tennessee state court order and judgment.  In this way, Claimant fundamentally asks this Court to exercise what amounts to appellate review of the state court decisions.  To be clear, this Court does not have

jurisdiction to do that.  Despite the claimant's attempts at crafty pleading, the law as to federal jurisdiction to review state court decisions is indisputable—"[t]he United States Supreme Court is the only federal court that has jurisdiction to correct or modify state-court judgments." *Stark v. Weiss*, No. 219CV02406JTFTMP, 2019 WL 6348455, at *2 (W.D. Tenn. Nov. 27, 2019) (citing *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998)); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).

The germane legal principle here is the *Rooker-Feldman* doctrine.[4]  The Supreme Court developed the *Rooker-Feldman* doctrine in two cases ruling that federal district courts lack jurisdiction to exercise appellate review of state court proceedings.  *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003); *see Rooker*, 263 U.S. at 416; *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).  In other words, the doctrine prevents a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936–37 (6th Cir. 2002) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

---

[4] The Court notes that in *Larry E. Parrish, P.C. v. Bennett*, also involving Attorney Parrish, the Middle District of Tennessee dismissed some of the claims due to the *Rooker-Feldman* Doctrine. *See Larry E. Parrish, P.C. v. Bennett*, No. 3:20-CV-00275, 2020 WL 3895187, at *2 (M.D. Tenn. July 10, 2020).  There, Parrish was embroiled in a dispute over legal fees. *Id.* at *1.  He sued two Tennessee appellate judges in federal district court, asking that court to declare that the judge-defendants submitted false statements in a Court of Appeals opinion. *Id.*  The court there explained, "Parrish essentially asks us to engage in appellate review of a state court proceeding under another name.  Evaluating whether statements in the COA's opinion were intentionally false would require us to impermissibly review the factual basis . . . This is not a close issue, it is obvious from the face of Parrish's complaint that further appellate review is his aim. . . We remind Parrish that, as a lawyer, he is an officer of the court [sic] he has an obligation to review the relevant law before filing a complaint before this court." *Id.* at *2.

Also, in applying *Rooker-Feldman*, the Court should ask "whether the source of injury upon which plaintiff bases his federal claim is the state court judgment." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (internal quotation marks omitted). With that in mind, the Court should consider the requested relief. *Hood*, 341 F.3d at 597. Basically, if the claimant is asking for a state court judgment to be set aside, the doctrine applies and the federal court lacks jurisdiction. *See id.*

This is precisely the situation here. If there were any question about the source of Claimant's injury, one need only look the case style—In Re: May 27, 2011 Order and In Re: May 22, 2012 Judgment. In other words, the "defendants" in this action are actually the state court order and judgment in issue.

What is more, the *Rooker-Feldman* Doctrine bars lower federal courts from exercising jurisdiction not only over state court judgments but also over claims that are "inextricably intertwined" with state court judgments.[5] *Hood*, 341 F.3d at 597. So here, even though Claimant has styled this as a due process action, the claim that Judge Benham was biased and should have recused himself is "inextricably intertwined" with the state court order and judgment.

---

[5] The Court also notes that the *Rooker-Feldman* Doctrine is not necessarily the only reason to dismiss this action. For example, the Claimant complains that Tennessee state court decisions from 2011 and 2012 violated her due process rights. Now, after almost a decade, Claimant brings her grievances to federal court. The Sixth Circuit has construed the Tennessee one-year statute of limitations for personal injury actions to apply to civil rights actions. *See Jackson v. Richards Medical Co.*, 961 F.2d 575, 578 (6th Cir. 1992). Thus, the claim here is time-barred. And even if that limitations period did not apply here, the equitable doctrine of laches would. Laches consists of two elements: (1) unreasonable delay in asserting one's rights, and (2) a resulting prejudice. *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1053 (6th Cir. 2015). Certainly, a delay of almost a decade is unreasonable, and the trust at the heart of Claimant's grievance would undoubtedly suffer prejudice from yet another attempt to destroy it.

Claimant's accusations of bias rest partly on Judge Benham's knowledge of the relevant probate law.  (*See* ECF No. 4 at PageID 199–200.)  Claimant seems to believe that because Judge Benham's law practice included the drafting of trust instruments like the one in dispute, he should have recused himself from adjudicating the earlier *Goza* action.  (*Id.*)  And so, to grant Claimant's requests here, this Court would have to review Judge Benham's recusal decision, the relevant facts and law of the case, and the subsequent trial court order and Court of Appeals' judgment—all of which are impermissible actions.

This Court sees no reason to belabor the point that it does not have jurisdiction to address Claimant's request.  The Court therefore **DENIES** Claimant's Motion for Judgment on the Pleadings and **DISMISSES** this action **WITH PREJUDICE**.

**SO ORDERED**, this 5th day of November, 2020.

  s/Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE